## CLEVELAND. ASHTABULA. CONNEAUT BUS CO v RALPH

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9229. Decided Jan 21, 1929

McConnell, Blackmore & Cory, Cleveland, for Bus Co.
J P Corrigan, Cleveland, for Ralph.

MIDDLETON, PJ and MAUCK, J of the Fourth Dist and FARR, J of the Seventh Dist sitting

**MAUCK, J.**

The plaintiff's claim was that she was travelling south on Wymore Ave. in the city of East Cleveland and was passing out of that avenue on Euclid Avenue with the purpose of making a left hand turn in order to proceed east on Euclid. Euclid Avenue is the main thoroughfare and the plaintiff was required to stop before entering thereon. She claimed to have done so and to have proceeded slowly across the street and in front of the oncoming bus which struck her. The contention that the plaintiff testified herself out of court is based upon what the record shows her to have said on page ten. She there says that "I was crossing over to the western car track when I observed this bus which until now I had not noticed was coming rapidly." Plaintiff in

error says that the plaintiff has thus testified that she never noticed the bus until she was on the street car track and that as she could have seen it, if she had looked, she manifestly did not look and was, therefore, guilty of contributory negligence. The plaintiff had, however, elsewhere testified that she had stopped her car before passing into Euclid Avenue and had seen the bus.

William Sylls, also testifying on plaintiff's behalf, indicates that plaintiff made a stop at the required point, and a reading of the plaintiff's testimony as a whole, together with that of Mr. Sylls, clearly makes a case to go to the jury, unless the foregoing quotation unqualifiedly establishes the contributory negligence of Mrs. Ralph. We think that it does not do so. The jury may well have understood that what the plaintiff was trying to say was that until she was on the car track she had not noticed the rapidity with the bus was moving. If the jury so understood her, manifestly there was a case to go to the jury.

Whether the judgment is supported by sufficient testimony is a more doubtful proposition. It is difficult for one to get an idea of what actually occurred at the time of this collision from a reading of the testimony. Almost every witness contradicted some feature of the testimony of every other witness and a considerable number of the witnesses, not satisfied with this, contradict themselves. The plaintiff in error particularly urged upon us the strength of the testimony of Mr. Kapitzky. That witness undoubtedly makes a strong case for the defendant. Unfortunately, however, for the defendant, Mr. Kapitzky is in sharp contradiction to the testimony of the bus driver himself. Likewise is the testimony of Miss Iddings. She makes a strong showing against the plaintiff, but her testimony not only contradicts all of the testimony adduced in behalf of the plaintiff, but much of that offered by the defendant, and she further contradicts herself.

In view of the labyrinth of contradictions in the testimony, we conclude that the finding of the jury cannot be disturbed.